MICHAEL S. DOWLER, TX SBN 00783979 (*pro hac vice*)
Email:  mike@parklegal.com
PARK, VAUGHAN, FLEMING & DOWLER, LLP
5847 San Felipe, Suite 1700
Houston, TX 77057
Telephone:  (713) 821-1540
Facsimile:  (713) 821-1401

MICHAEL W. STEBBINS, SBN 138326
Email:  mws@svlg.com
STEPHEN S. WU, SBN 205091
Email:  ssw@svlg.com
MARC G. VAN NIEKERK, SBN 201329
Email:  mvn@svlg.com
**SILICON VALLEY LAW GROUP**
1 North Market Street, Suite 200
San Jose, CA 95113
Telephone:  408) 573-5700
Facsimile:  (408) 573-5701

Attorneys for Defendant
KOLLECTIVE TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| COOPERATIVE ENTERTAINMENT, INC., | Case No. 3:20-cv-07273-EJD |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)** |
| v. | |
| KOLLECTIVE TECHNOLOGY, INC., | |
| Defendant. | Date:     May 6, 2021<br>Time:     9:00 a.m.<br>Place:    Courtroom 4, 5th Floor |

1

2

## **TABLE OF CONTENTS**

**Page(s):**

I.      INTRODUCTION AND SUMMARY…………………………………………….....1

II.     CEI'S CONTENTIONS REGARING ITS CORPORATE HISTORY AND
        THE PRIOR ART ARE IRRELEVANT AND CANNOT BE CONSIDERED…………..2

III.    THE '452 PATENT IS INVALID UNDER 35 U.S.C. § 101……………………………..4

        A.      *Alice* Step 1:  Claim 1 of the '452 patent is directed to the abstract
                idea of preparing content for sharing over a computer network……………….4

        B.      *Alice* Step 2:  Claim 1 of the '452 patent contains no inventive concept
                sufficient to transform the abstract idea into patent-eligible matter………...8

        C.      The Remaining Claims of the '452 Patent Fail Both Steps of *Alice*…………….10

IV.     THE AMENDED COMPLAINT SHOULD ALTERNATIVELY BE
        DISMISSED FOR FAILING TO MEET THE *TWOMBLY/IQBAL* PLEADING
        STANDARD FOR PATENT CASES…………………………………………………….....10

V.      THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE…......12

VI.     CONCLUSION…………………………………………………………………………....13

1

**TABLE OF AUTHORITIES**

**Page(s):**

2   **Federal Cases:**

3
*Aatrix Software, Inc. v. Green Shades Software, Inc.*
4    882 F.3d 1121 (Fed. Cir. 2018)……………………………………………………..8

5   *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*
6    573 U.S. 208 (2014)…………………………………………………….4, 7, 8, 10

7   *Ancora Technologies, Inc. v. HTC America, Inc.*
     908 F. 3d 1343 (Fed. Cir. 2018)…………………………………………………..8
8
*Arbabian v. BP America*
9   898 F. Supp. 703 (N.D. Cal. 1995)……………………………………………2, 11

10  *Ashcroft v. Iqbal*
     556 U.S. 662 (2009)…………………………………………………10, 11, 12, 13
11

12  *Atlas IP LLC v. Pacific Gas and Electric Co.*
     2016 WL 1719545 (N.D. Cal. Mar. 9, 2016)……………………………………12
13
*Bancorp Servs. L.L.C. v. Sun Life Assur. Co.*
14   687 F. 3d 1266 (Fed. Cir. 2012)…………………………………………………10

15  *BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*
16   827 F.3d 1341 (Fed. Cir. 2016)…………………………………………………..8

17  *Bell Atlantic Corp. v. Twombly*
     550 U.S. 544 (2007)…………………………………………………10, 11, 12, 13
18

19  *Branch v. Tunnell*
     14 F.3d 449 (9th Cir.)*, cert. denied,* 114 S. Ct. 2704 (1994*)*……………………2, 11
20
*buySAFE, Inc. v. Google, Inc.*
21   765 F. 3d 1350 (Fed. Cir. 2014)…………………………………………………10

22  *Content Extraction and Transmission LLC v. Wells Fargo Bank Nat'l Ass'n*
23   776 F. 3d 1343 (Fed. Cir. 2014)……………………………………………5, 9, 10

24  *e.Digital Corp. v. iBaby Labs, Inc.*
     2016 WL 4427209 (N.D. Cal. Aug. 22, 2016)…………………………………..12
25

26  *Hal Roach Studios v. Richard Feiner & Co.*
     896 F.2d 1542 (9th Cir. 1989)…………………………………………………...2, 11

27

28

**Page(s):**

*In re TLI Comm. LLC Patent Litig.*
   823 F. 3d 607 (Fed. Cir. 2016)……………………………………………………5, 9

*Internet Patents Corp. v. Active Network, Inc.*
   790 F. 3d 1343 (Fed. Cir. 2015)……………………………………………..................5

*Koninklijke KPN N.V. v. Gemalto M2M GmbH*
   942 F.3d 1143 (Fed. Cir. 2019)……………………………………………………...8

*Novitaz, Inc. v. InMarket Media, LLC*
   2017 WL 2311407 (N.D. Cal. May 26, 2017)…………………………………………1, 11, 12

*PersonalWeb Tech. LLC v. Google LLC*
   2020 WL 520618 (N.D. Cal. January 31, 2020),
   *appeal filed*, No. 20-1543 (Mar. 6, 2020)…………………………………………...5, 7, 9

*PlanetID, LLC v. Digify, Inc.*
   Civil Action No. 19-cv-04615-JST (N.D. Cal. Jan. 12, 2021)…………………………3, 5

*RecogniCorp, LLC v. Nintendo Co.*
   855 F.3d 1322 (Fed. Cir. 2017)…………………………………………………...3

*SAP Am., Inc. v. InvestPic, LLC*
   898 F. 3d 1161 (Fed. Cir. 2018)………………………………………………..3, 5

*Secure Cam, LLC v. Tend Insights, Inc.*
   351 F. Supp. 3d 1249 (N.D. Cal. 2018)…………………………………………..5

*Summit Tech. v. High-line Medical Instruments Co.*
   933 F. Supp. 918 (C.D. Cal. 1996)…………………………………………...2, 11

*Synopsys, Inc. v. Avatar Integrated Systems, Inc.*
   No. 20-cv-04151-WHO, 2020 WL 6684853 (N.D. Cal. November 12, 2020)………...............3, 7

*Teradata US, Inc. v. SAP SE*
   No. 20-cv-06127-WHO, 2021 WL 326930 (N.D. Cal. February 1, 2021)…………………….3

*Ultramercial, Inc. v. Hulu, LLC*
   772 F. 3d 709 (Fed. Cir. 2014)……………………………………………………8

**Federal Statutes:**

35 U.S.C. § 101………………………………………………………..1, 3, 4, 6, 10

35 U.S.C. § 102…………………………………………………………1, 3, 4, 6

**Page(s):**

35 U.S.C. § 103…………………………………………………………………………1, 3, 4, 6

Fed. R. Civ. Pro., Rule 11…………………………………………………………………...13

Fed. R. Civ. Pro., Rule 12…………………………………………………………………….5

Fed. R. Civ. Pro., Rule 12(b)(6)…………………………………………………………..2, 11

Fed. R. Civ. Pro., Rule 15(a)………………………………………………………………...13

## I.     INTRODUCTION AND SUMMARY

CEI's Opposition fails to substantively dispute both grounds of the motion to dismiss, namely: (1) that the claims in the '452 patent do not embrace patentable-eligible subject matter under 35 U.S.C. § 101; and (2) that there are more than *two dozen* separate instances in which the Amended Complaint fails to allege that Kollective practices an element of the asserted patent claims.  CEI's Opposition also does not dispute that, if the present motion is granted on either premise, the Amended Complaint should be dismissed with prejudice.

On the first point, the entirety of CEI's opposition argues the '452 patent is directed to an advance over the prior art and, therefore, its claims are novel or non-obvious under 35 U.S.C. § 102 or 103.  That is *not* the issue.  The issue is whether the claims are abstract and, therefore, not patent-eligible under 35 U.S.C. 101.  As identified in more detail below, both the Federal Circuit and Courts throughout this District have noted the distinction between a patentability analysis under § 101 versus that of §102/103, noting further that the analyses are independent of one another.  Thus, by failing to address the pertinent issue, CEI does not substantively oppose that aspect of the motion.

On the second point, CEI's Opposition ignores *every* case cited in the Opening Brief*, i.e.,* cases from the Supreme Court, the Federal Circuit, this District, and even this Court, when making *no* effort to explain how the Amended Complaint plausibly alleges that Kollective's accused product practices more than *two dozen* specifically identified claim elements, where any *one* of those instances suffices to warrant dismissal, as this Court found in *Novitaz, Inc. v. InMarket Media, LLC,* No. 16-cv-06795-EJD, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017) (a complaint should be dismissed when it "does not contain factual allegations that would permit a court to infer that a required element of the patent claim was satisfied").

Accordingly, as explained in the Opening Brief and in more detail below, CEI's Amended

1    Complaint should be dismissed with prejudice.

2    **II.    CEI'S CONTENTIONS REGARING ITS CORPORATE HISTORY AND THE
3           PRIOR ART ARE IRRELEVANT AND CANNOT BE CONSIDERED**

4           CEI's Opposition seeks to establish itself as a corporate innovator with a patented

5    commercial product, as opposed to the non-practicing entity that it is.  (Opp. at 3-8.)  Through a

6    series of unsworn, unverified, and otherwise hearsay statements largely presented nowhere in the

7    Amended Complaint, CEI's Opposition would have the Court believe that its alleged corporate

8    predecessor developed, commercialized, and patented a solution to peer-to-peer data transfers that

9    Kollective allegedly now practices.  *Id*.  While CEI conspicuously fails to address the fact that

10   Kollective and its corporate predecessors have been practicing its accused technology for nearly

11   12 years *prior to* the '452 patent being filed (*see* Opening Brief at 3), the vast majority of this

12   discussion in CEI's Opposition is irrelevant and inadmissible.

13

14          Specifically, when considering a motion to dismiss under Rule 12(b)(6), a court's inquiry

15   is restricted to whether the allegations in a complaint are legally sufficient to state a claim.  For

16   this reason, courts are "confined to consider[ing]….the allegations in the pleadings and any

17   documents attached to the pleadings."  *Arbabian v. BP Am.,* 898 F. Supp. 703, 707 (N.D. Cal.

18   1995) (citing *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1555, n.19 (9th Cir.

19   1989)); *see also Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.)*, cert. denied,* 114 S. Ct. 2704

20   (1994*); Summit Tech. v. High-line Medical Instruments Co.,* 933 F. Supp. 918, 927 (C.D. Cal.

21   1996) (on a motion to dismiss, courts may not consider matters outside of the complaint,

22   including affidavits).   Because many of the allegations in CEI's Opposition regarding its

23   corporate background, its product, and the prior art are not reflected in the Amended Complaint,

24   such allegations must be treated as having no bearing on the present motion.

25          Likewise, while CEI's references to the official public record of the '452 patent's

26

27

28

prosecution history before the U.S. Patent Office may be admissible, CEI's conclusion that the Patent Office allowed the '452 patent claims over certain prior art is irrelevant to the issue of whether the '452 patent claims are directed to patent-ineligible subject matter under 35 U.S.C. § 101.  Specifically, CEI argues (often without the requisite citation to the Amended Complaint) what the prior art allegedly discloses, what the '452 patent claims allegedly call for, and why the Patent Office allegedly allowed those patent claims under 35 U.S.C. § 102 and § 103.  (Opp. at 5-9.)  But the Federal Circuit, as well as courts throughout this District, repeatedly have distinguished CEI's misplaced argument regarding patentability over prior art under 35 U.S.C. § 102 and § 103, and that of patent eligibility under 35 U.S.C. § 101.

Indeed, the Patent Office issues virtually all patents over cited prior art, and yet those same patents are routinely judicially invalidated under 35 U.S.C. § 101.  *See e.g., SAP Am., Inc. v. InvestPic, LLC,* 898 F.3d 1161, 1163 (Fed. Cir. 2018) ("We may assume that the techniques claimed are groundbreaking, innovative, or even brilliant, but that is not enough for eligibility."); *Teradata US, Inc. v. SAP SE,* No. 20-cv-06127-WHO, 2021 WL 326930, at *14 (N.D. Cal. February 1, 2021) ("The issuance of the '000 Patent against [a § 103] challenge does not resolve the [§ 101] issue or otherwise bind my determination here."); *PlanetID, LLC v. Digify, Inc.,* No. 19-cv-04615-JST (N.D. Cal. Jan. 12, 2021) at n.4 ("Whether the sharing of information [] was nonobvious [under § 103] or novel [under § 102] at the time the patents were filed has no bearing on whether the asserted claims are patent-eligible under Section 101.") (Wu Decl. Ex. 3); *Synopsys, Inc. v. Avatar Integrated Sys., Inc.,* No. 20-cv-04151-WHO, 2020 WL 6684853, at *19 (N.D. Cal. November 12, 2020) ("The Federal Circuit has repeatedly found useful and innovative ideas ineligible for patenting where they are directed to abstract concepts.") (citing *RecogniCorp, LLC v. Nintendo Co.,* 855 F.3d 1322, 1324, 1327 (Fed. Cir. 2017)).  Thus, in arguing that the '452 patent discloses an "inventive concept," CEI apparently conflated the notion of "inventive

1    concept" in the § 101 case law with the test for patentability under § 102 and § 103.

2    Accordingly, CEI's arguments with respect to its alleged corporate history, its alleged

3    product and the operation thereof, the alleged prior art, the alleged teachings of the '452 patent,

4    and the alleged reasons the Patent Office issued the '452 patent cannot be considered on a motion

5    dismiss (to the extent they were not included in the Amended Complaint) and/or are irrelevant

6    (because they do not address the § 101 issue raised by the motion to dismiss).

7

8    **III.    THE '452 PATENT IS INVALID UNDER 35 U.S.C. § 101**

9    CEI's Opposition posits the dispositive issue regarding patent eligibility under 35 U.S.C.

10   § 101 is as follows:

11
            Whether the asserted patent claims teach one of ordinary skill in the art how to
12          build a peer-based content sharing system that can stream video outside of a static
            network.
13

14   (Opp. Br. at 3.)   That is simply *not* the issue, as it has *nothing* to do with the issue of whether

15   there is patent-eligible subject matter under § 101.  As the U.S. Supreme Court explained, and as

16   set forth in the Opening Brief, there are two dispositive issues when conducting a patent

17   eligibility analysis under 35 U.S.C. § 101.  *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208,

18   216 (2014).   First, the court determines "whether the claims at issue are directed to a patent-

19   ineligible concept," such as an abstract idea.  *Id*.   Second, if the claims contain an abstract idea,

20   the court evaluates whether there is "an 'inventive concept'—*i.e.*, an element or combination of

21   elements that is sufficient to ensure that the patent in practice amounts to significantly more than

22   a patent upon the ineligible concept itself."  *Id*.   CEI's Opposition fails to address either issue,

23
24   thereby effectively leaving no opposition to the motion to dismiss.

25          **A.    *Alice* Step 1:  Claim 1 of the '452 patent is directed to the abstract idea of
                    preparing content for sharing over a computer network**
26

27   In assessing whether Claim 1 of the '452 patent is directed to an abstract idea, the Court

28   begins by analyzing the "focus" of the claim, *i.e.*, its "character as a whole," in order to determine

1   whether the claim is directed to an abstract idea.  *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161,

2   1167 (Fed. Cir. 2018); *Secure Cam, LLC v. Tend Insights, Inc.,* 351 F. Supp. 3d 1249, 1255 (N.D.

3   Cal. 2018) (Davila, J.) (granting Rule 12 motion due to unpatentable subject matter).  Here, CEI

4   does not deny that Claim 1 describes the most generic components and functionalities of a

5   computer (*i.e.*, storing information, checking content requests, segmenting data, identifying

6   servers, and returning result data).  Nor does CEI dispute that Claim 1 does nothing more than use

7   existing technology to share content, where the content delivery server computer merely prepares

8   the content for sharing by receiving content and executing functions in response to receiving the

9   content.  One example is executing functions that convert the content into smaller pieces (*i.e.,*

10  segments) and sharing them.  Thus, CEI does not substantively dispute the fact that Claim 1 is

11  directed to the abstract idea of preparing content for sharing over a computer network, or

12  distributing content (as CEI prefers to characterize it without material difference).

13          CEI never mentions, much less distinguishes, the numerous cases cited in the Opening

14  Brief in which patent claims similar to Claim 1 were found abstract.  (Opening Br. at pp. 12-14

15  (citing *In re TLI Comm. LLC Patent Litig.*, 823 F.3d 607, 609 (Fed. Cir. 2016); *Internet Patents*

16  *Corp. v. Active Network, Inc.*, 790 F.3d 1343 (Fed. Cir. 2015); *Content Extraction and*

17  *Transmission LLC v. Wells Fargo Bank Nat'l Ass'n,* 776 F. 3d 1343 (Fed. Cir. 2014);

18  *PersonalWeb Tech. LLC v. Google LLC,* No. 5:13-cv-01317-EJD, 2020 WL 520618 (N.D. Cal.

19  Jan. 31, 2020); and *PlanetID, LLC v. Digify, Inc.,* No. 19-cv-04615-JST (N.D. Cal. Jan. 12,

20  2021)) (Wu Decl. Ex. 3).)   Thus, the Opposition once again fails to substantively oppose

21  dispositive aspects of the Opening Brief.

22          Instead, the totality of CEI's argument is that:

23  [t]he inventive concept of the '452 patent is to use traceroutes to identify common
    content that will be consumed by the peers and then segmenting and distributing
    the content based on the traceroute.  The patent examiner found that the prior art

Reply in Support of Motion to Dismiss      5      Case No. 3:20-cv-07273-EJD
Amended Complaint

1    did not do this.

2    (Opp. Br. at 12.)   CEI's argument errs in at least two respects.   First, as explained above, the

3    argument conflates the patent eligibility analysis under 35 U.S.C. § 101 with the prior art

4    patentability analysis under 35 U.S.C. § 102 and 103.   (*Supra* at 2-4.)   As such, the argument has

5    no bearing on the 35 U.S.C. § 101 issue germane to the present motion.   Second, CEI's argument

6    is demonstrably incorrect.   None of the claims in the '452 patent rely solely (if at all) on trace

7    routes to identify common content, nor is that the basis on which the Patent Office allowed the

8    '452 patent claims, as both the claim language and the prosecution history irrefutably show.

9

10   For example, the pertinent part of Claim 1 states as follows:

11   wherein content segmentation is based on CDN address resolution, trace route to
     CDN and P2P server manager, dynamic feedback from peers reporting traffic

12   rates between individual peer and its neighbors, round-robin and other server side
     scheduling/resource allocation techniques.

13

14   (Wu Decl. Ex. 1, '452 patent, 10:49-54.)   Claim 5 is the only other independent claim in the '452

15   patent and it says the same thing.   (*Id*. at 11:14-20.)   As such, the '452 patent claims show it is *not*

16   merely trace routes (as CEI erroneously argues) that are used to segment and distribute data.   In

17   fact, the actual claim language (of every claim in the '452 patent) expressly says that any "other

18   server side scheduling/resource allocation technique" can be used for that purpose.

19

20   The Patent Office confirmed the same thing when allowing the '452 patent claims, stating:

21   The reasons for allowance is that the claimed invention distinguishes over the
     prior arts of record.   Specifically, the prior arts of record, failed to disclose or

22   suggest that the multiplicity of peer nodes of the dynamic peer-to-peer network
     consume the same content within a predetermined time and that the distribution of

23   P2P content delivery is based on content segmentation and the content
     segmentation is based on CDN address resolution, trace route to CDN and P2P

24   server manager, dynamic feedback from peers reporting traffic rates between
     individual peer and its neighbors, round-robin *and other server side*

25   *scheduling/resource allocation techniques*, as specified in independent claims 1
     and 6.

26

27   (Wawrzyn Decl. Ex. A at A000008 (all emphasis added).)   Accordingly, it is simply *not* true that

28

Reply in Support of Motion to Dismiss          6                    Case No. 3:20-cv-07273-EJD
Amended Complaint

the novelty (mislabeled by CEI as the "inventive concept") of the '452 patent claims is the use of trace routes to segment and distribute data, as CEI incorrectly argues.

CEI's lone argument for patentability is not only wrong (thereby leaving it without opposition), but the reasons it is wrong further demonstrate the unpatentability of the '452 patent claims. As the case law shows, "[w]hen evaluating computer-related claims, courts may look at whether the claims 'improve the function of the computer itself,' *Alice*, 134 S. Ct. at 2359, or whether 'computers are invoked merely as a tool' to implement an abstract process." *Synopsys, Inc.,* No. 20-cv-04151-WHO, 2020 WL 6684853, at *14 (N.D. Cal. Nov. 12, 2020); *id*. at *15 ("For the role of a computer in a computer-implemented invention to be deemed meaningful in the context of this analysis, it must involve more than performance of well-understood, routine [and] conventional activities previously known to the industry."); *PersonalWeb Tech. LLC,* No. 5:13-cv-01317-EJD, 2020 WL 520618, at *8 (N.D. Cal. Jan. 31, 2020) ("In cases involving software innovations, this inquiry often turns on whether the claims focus on 'the specific asserted improvement in computer capabilities…or, instead, on a process that qualifies as an abstract idea for which computers are invoked merely as a tool.'").

Here, as the patent claims and the prosecution history show, the use of a trace route is *not* what improves computer functionality since content segmentation, as claimed, could be accomplished, not only by a trace route, but also by any "other server side scheduling/resource allocation techniques". In other words, contrary to CEI's contention, the '452 patent claims are not directed to an improved computer as the case law requires, but rather to a computer system used merely as a tool to implement the abstract process of preparing data for distribution and/or distributing data. As such, CEI's *only* argument against a finding of unpatentability is not only

1   factually incorrect and *contrary* to law, but it also actually highlights the unpatentable nature of

2   the '452 patent claims.[1]

**B.      *Alice* Step 2:  Claim 1 of the '452 patent contains no inventive concept
       sufficient to transform the abstract idea into patent-eligible matter**

5       Because Claim 1 of the '452 patent is directed to an abstract idea, the Court must next

6   determine whether it contains an "inventive concept sufficient to transform the claimed abstract

7   idea into a patent eligible application." *Alice*, 573 U.S. at 218.  To pass this test, Claim 1 "must

8   include additional features" that "must be more than well-understood, routine, conventional

9   activity." *Ultramercial, Inc. v. Hulu, LLC,* 772 F. 3d 709, 715 (Fed. Cir. 2014).  Here, Claim 1 is

10  broadly generic and does not contain meaningful limitations that would restrict it to a non-routine,

11  specific application of the abstract idea.

13      While the stated goal of the '452 patent is to provide content sharing in P2P networks

14  "outside the structure and control of CDNs" (Wu Decl. Ex. 1, '452 patent, 3:35-36), not a single

15  technical improvement is disclosed, much less claimed.  Indeed, as explained above, the *only*

16  technical advance CEI posits in its Opposition (*i.e.,* the use of trace routes) errs both factually and

17  legally, thereby providing no rationale for distinguishing Claim 1 from its abstract concept.

18  (*Supra* at 5-7.)  Instead, Claim 1 is described only at a high level of generality, consisting of

19  generic functional language where a "content delivery server" prepares content for sharing over a

20  computer network.  To accomplish "efficient content delivery," Claim 1 recites the use of the

---

[1] CEI's citations to other cases are unremarkable since they stand for the same proposition, *i.e.,*
that a patent claim may be considered non-abstract if it represents an improvement in computer
functionality, as opposed to merely using a computer as a tool to implement an abstract process.
*See Koninklijke KPN N.V. v. Gemalto M2M GmbH,* 942 F.3d 1143, 1146 (Fed. Cir. 2019);
*Ancora Techs., Inc. v. HTC Am., Inc.,* 908 F.3d 1343, 1344 (Fed. Cir. 2018); *Aatrix Software, Inc.
v. Green Shades Software, Inc.,* 882 F.3d 1121, 1126-28 (Fed. Cir. 2018); *BASCOM Global
Internet Servs., Inc. v. AT&T Mobility LLC,* 827 F.3d 1341, 1349-52 (Fed. Cir. 2016).

"content delivery server computer" to prepare this content for sharing by "stor[ing] viewer information," "check[ing] content request[s], "find[ing] peers," "return[ing] client-block pairs . . . [where the] content segmentation is based on CDN address resolution," a "trace route to CDN and P2P server manager," "dynamic feedback," and "other server side scheduling/resource allocation techniques." (Wu Decl. Ex. 1, '452 patent, 10:42-54.) But the claimed "content delivery server computer" can be virtually any computer capable of performing these generic computer functions, and may even be any of the P2P peers (*id.*, 5:59-64).

There is simply nothing "inventive" about using a known process (*i.e.*, preparing content) for sharing over a computer network using ordinary computer equipment and conventional software, and nowhere does CEI contend otherwise. *See In re TLI Comm.*, 823 F.3d at 613 (examining the specification for meaning of claim terms such as "telephone unit," "server," "image analysis unit," and "control unit," and concluding that all of the components "behave exactly as expected according to their ordinary use."). Moreover, the abstract functional descriptions in Claim 1 are devoid of any technical explanation as to how to implement the purported invention in an inventive way, which CEI again fails to challenge. *Id.* (claims failed *Alice*'s step 2 where specification limited its discussion of "additional functionality" of conventional components "to abstract functional descriptions devoid of technical explanation as to how to implement the invention"); *PersonalWeb,* No. 5:13-cv-01317-EJD, 2020 WL 520618, at *12-13 (N.D. Cal. Jan. 31, 2020) ("Using a generic hash function, a server system, or a computer does not render these claims non-abstract; the claims are still directed to the abstract ideas of receiving, storing, deleting, and controlling access to data.").

The Opening Brief cited a number of additional cases holding that the presence of generic hardware and software like the kind recited in Claim 1 do not make an otherwise abstract idea patent-eligible. (Opening Br. at 17 (citing *Content Extraction and Transmission LLC v. Wells*

*Fargo Bank, Nat'l Ass'n,* 776 F.3d 1343, 1348 (Fed. Cir. 2014) ("At most, [the] claims attempt to limit the abstract idea of recognizing and storing information from hard copy documents using a scanner and a computer to a particular technological environment.  Such a limitation has been held insufficient to save a claim in this context."); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) ("That a computer receives and sends the information over a network—with no further specification—is not even arguably inventive."); *Bancorp Servs. L.L.C. v. Sun Life Assurance Co.*, 687 F.3d 1266, 1276-77 (Fed. Cir. 2012)).  CEI never mentions these cases, much less distinguishes them.

Accordingly, because Claim 1 is altogether devoid of any "inventive concept," and CEI advances no legally or factually accurate argument to the contrary, that Claim is patent-ineligible under § 101.  *See Alice*, 573 U.S. at 220-21.

**C.      The Remaining Claims of the '452 Patent Fail Both Steps of *Alice***

The Opening Brief explained that remaining Claims 2-15 in the '452 patent relate to the same abstract concept of preparing content for sharing over a computer network.  (Opening Br. at 17-19.)  CEI's Opposition does not challenge that analysis or conclusion.  Accordingly, Claims 2-15 claim ineligible subject matter for the reasons previously articulated.

**IV.     THE AMENDED COMPLAINT SHOULD ALTERNATIVELY BE DISMISSED FOR FAILING TO MEET THE *TWOMBLY/IQBAL* PLEADING STANDARD FOR PATENT CASES**

CEI's Opposition to Kollective's alternative request (that the Amended Complaint be dismissed for failure to plead in compliance with *Twombly/Iqbal*) suffers many of the same defects identified above for the patent-eligibility issue.  Specifically, the Opposition fails to mention or distinguish a *single* case cited in that portion of the Opening Brief—including cases from the Supreme Court, the Federal Circuit, this District, and even this Court—while also failing to materially challenge *any* of the more than *two dozen* instances in which the Amended

1 Complaint fails to plausibly demonstrate that Kollective practices any of the '452 patent claims

2 asserted against it.

3        For example, the Opposition begins by arguing "the amended complaint alleges

4 infringement with two different sources." (Opp. Br. at 18.)  The Opposition then identifies one of

5 these purported sources as a Kollective "video advertisement" at http://kollective.com/kollective-

6 scales-teams.  (*Id*.)  That is incorrect.  Nowhere does the Amended Complaint cite the video

7 advertisement, as confirmed by CEI's failure to cite the Amended Complaint when referencing

8 the video.  (*Id*.)  As explained above, such information not included in the Amended Complaint

9 cannot now be used to oppose a motion under Rule 12(b)(6).[2]  (*Supra* at 2 (citing *Arbabian,* 898

10 F. Supp. at 707 (citing *Hal Roach Studios,* 896 F.2d at 1555, n.19); *Branch,* 14 F.3d at 454;

11 *Summit Tech.,* 933 F. Supp. at 927.))

12        Equally unavailing are CEI's hand-waiving conclusions that "the amended complaint is

13 clear," and its mere conclusion that quotes from a cited Kollective white paper "meet each

14 claim's other limitations." (Opp. Br. at 19.)  The absence of any analysis in the Opposition is as

15 egregious as the absence of any analysis in the Amended Complaint—there is simply no

16 discussion or showing plausibly leading to the conclusion that Kollective practices more than *two*

17 *dozen* of the elements in the asserted claims of the '452 patent, where any *one* of those defects

18 warrants dismissal, as courts throughout this District—including this Court—have ruled in similar

19 circumstances.  *See e.g., Novitaz,* 2017 WL 2311407, at *3 (Davila, J.) (a complaint should be

20 dismissed under *Twombly/Iqbal* when it "does not contain factual allegations that would permit a

---

[2] In any event, the Opposition makes no effort to identify where or how the video maps to any element of any asserted patent claim, as required. *Novitaz,* 2017 WL 2311407, at *3 (Davila, J.) (a complaint should be dismissed under *Twombly/Iqbal* when it "does not contain factual allegations that would permit a court to infer that a required element of the patent claim was satisfied").

court to infer that a required element of the patent claim was satisfied"); *e.Digital Corp. v. iBaby Labs, Inc.,* No. 15-cv-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) (a plaintiff must "plausibly allege that the accused product practices each of the limitations found in at least one asserted claim"); *Atlas IP LLC v. Pac. Gas & Elec. Co.,* No. 15-cv-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) ("Simply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation of any asserted claim or addressing all of the claim requirements, is insufficient.").

Indeed, the Opening Brief went painstaking through each limitation in each asserted patent claim and compared that limitation to the allegations in the Amended Complaint, thereby showing there was no plausible correlation between no less than *two dozen* limitations in the asserted claims and the allegations in the Amended Complaint.  (Opening Br. at 19-25.)  To Kollective's knowledge, no court has ever held the type of large scale, irrelevant regurgitation of product information (that the Amended Complaint advances) as sufficient to show the plausible presence of one or more claim limitations, and CEI certainly cites nothing.  Accordingly, because the Opposition does *nothing* to substantively challenge the analysis in the Opening Brief, *i.e.,* to show that the Amended Complaint plausibly alleges that every element of at least one asserted patent claim is practiced by Kollective's accused product, the Amended Complaint should be dismissed for failing the *Twombly/Iqbal* pleading standard for patent cases.  *Novitaz,* 2017 WL 2311407, at *3 (Davila, J.)

**V.      THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE**

The Opening Brief pointed out that CEI already has used its "one" opportunity under Fed.

1    R. Civ. P. 15(a) to amend its complaint, which it used in response to Kollective's first motion to

2    dismiss.[3]   (Opening Br. at 1-2.)   Because leave to amend would be futile with respect to the

3    patentable subject matter issue, and CEI's Amended Complaint (as well as its Opposition) show

4    CEI is incapable of complying with both Fed. R. Civ. P. 11 and *Twombly/Iqbal* to show that

5    Kollective practices each element of at least one claim in the '452 patent, the dismissal should be

6    made with prejudice.   Indeed, CEI does not even request leave to amend a second time.

7

8    **VI.    CONCLUSION**

9         For the foregoing reasons, Kollective respectfully requests that the Court dismiss CEI's

10   Amended Complaint with prejudice for failure to state a claim upon which relief can be granted.

11

12   Date: March 12, 2021                    Respectfully submitted,

13                                           SILICON VALLEY LAW GROUP

14                                           */s/ Stephen S. Wu*
                                             Stephen S. Wu
15

16                                           MICHAEL W. STEBBINS, SBN 138326
                                             Email:  mws@svlg.com
17                                           STEPHEN S. WU, SBN 205091
                                             Email:  ssw@svlg.com
18                                           MARC G. VAN NIEKERK, SBN 201329
                                             Email:  mvn@svlg.com
19                                           **SILICON VALLEY LAW GROUP**
                                             1 North Market Street, Suite 200
20                                           San Jose, CA 95113
                                             Telephone:  408) 573-5700
21                                           Facsimile:  (408) 573-5701

22                                           PARK, VAUGHAN, FLEMING & DOWLER, LLP
                                             MICHAEL S. DOWLER, TX SBN 00783979 (*pro
23                                           hac vice*)
                                             Email:  mike@parklegal.com
24                                           PARK, VAUGHAN, FLEMING & DOWLER, LLP
                                             5847 San Felipe, Suite 1700
25

26   _____
     [3] Kollective withdrew its first motion to dismiss (Dkt. No. 17) in response to CEI filing its
27   Amended Complaint (Dkt. No. 18).  Kollective then filed the present motion to dismiss (Dkt. No.
     20) to address the defects in the Amended Complaint.
28

     Reply in Support of Motion to Dismiss              13                  Case No. 3:20-cv-07273-EJD
     Amended Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Houston, TX 77057
Telephone:  (713) 821-1540
Facsimile:  (713) 821-1401
Attorneys for Defendant
KOLLECTIVE TECHNOLOGY, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 12, 2021, the foregoing document as electronically filed with the Clerk of the court for the United States District Court, Northern District of California, using the Court's Electronic Case Filing (ECF) system.  The ECF system routinely sends a "notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means.  Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

/s/ *Stephen S. Wu*
STEPHEN S. WU

Reply in Support of Motion to Dismiss
Amended Complaint

15

Case No. 3:20-cv-07273-EJD