United States District Court
Northern District of California


Case 5:20-cv-07273-EJD   Document 47   Filed 10/24/23   Page 1 of 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COOPERATIVE ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> KOLLECTIVE TECHNOLOGY, INC., <br><br> Defendant. | Case No.  5:20-cv-07273-EJD <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 41 |

Plaintiff, Cooperative Entertainment, Inc., ("CEI") brings this suit against Defendant, Kollective Technology, Inc., ("Kollective") for infringement of U.S. Patent No. 9,432,452 ("the '452 patent"). Am. Compl. ("Compl."), ECF No. 18. Kollective now moves to dismiss CEI's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss ("MTD"), ECF No. 41. CEI filed an opposition, and Kollective filed a reply. Opp'n, ECF No. 44; Reply, ECF No. 45. The Court finds this motion suitable for consideration without oral argument. Civ. L.R. 7-1(b). Having considered the parties' moving papers, the Court **GRANTS** Kollective's motion to dismiss with leave to amend.

I.     **BACKGROUND**

    A.     **Procedural Background**

This case comes before the Court on remand from the Federal Circuit. USCA Judgment, ECF No. 29. Kollective previously filed a motion to dismiss CEI's First Amended Complaint on two grounds: (1) patent invalidity under Section 101, and (2) failure to state a claim under Rule 12(b)(6). Prior Mot. to Dismiss, ECF No. 19. The Court granted Kollective's motion under Section 101 and did not reach Kollective's arguments regarding the adequacy of the pleadings.

Case No.: 5:20-cv-07273-EJD
ORDER GRANTING MOTION TO DISMISS

1

Prior Order Granting Mot. to Dismiss ("Prior Order"), ECF No. 24. CEI appealed that Order, and the Federal Circuit vacated the Court's Section 101 finding and remanded for further proceedings. *Cooperative Entertainment, Inc. v. Kollective Technology, Inc.*, 50 F.4th 127 (Fed. Cir. 2022). Kollective's renewed motion to dismiss before the Court now exclusively addresses CEI's failure to state a claim under Rule 12(b)(6). *See* MTD.

### B.     Factual Background

Plaintiff, CEI, is a North Carolina corporation with its principal place of business in Raleigh, North Carolina. Compl. ¶ 1. Defendant, Kollective, is a Delaware corporation with its principal place of business in Bend, Oregon. *Id.* ¶ 2.

CEI is the owner of the '452 patent, entitled "Systems and Methods for Dynamic Networked Peer-to-Peer Content Distribution." *Id.* ¶ 8. The '452 patent relates to systems and methods of structuring a peer-to-peer ("P2P") dynamic network for distributing large files. *Id.* ¶ 14. It claims methods and systems for a network in which content distribution occurs "outside controlled networks and/or content distribution networks (CDNs)." *Id.* ¶ 21. It does this with dynamic P2P networks comprising of "peer nodes," i.e., nodes consuming the same content contemporaneously, that transmit content directly to each other instead of receiving content from the CDN. *Id.* ¶¶ 20, 21. To facilitate content distribution, the claimed P2P networks use "content segmentation" in which a video file, for example, is segmented into smaller clips and distributed piecemeal.[1] *Id.* ¶¶ 12, 22, 33. Content is segmented using several techniques, including "CDN address resolution, trace route to CDN and the P2P server manager, dynamic feedback from peers reporting traffic rates between individual peer and its neighbors, round-robin, other server side scheduling/resource allocation techniques, and combinations thereof." *Id.* ¶ 22.

The '452 patent includes two independent claims, claims 1 and 5, from which all other claims depend. Claim 1 claims:

---

[1] Notably, CEI does not define segmentation in its complaint or opposition, so the Court draws its definition from language in the patent, Compl., Ex. B, at 8:10 ("the streaming media is broken up into smaller segments"), and the Federal Circuit's summary of the facts following oral arguments. *See, e.g., Cooperative*, 50 F.4th 127 at 1329.

Case No.:   5:20-cv-07273-EJD
ORDER GRANTING MOTION TO DISMISS
2

> 1. A system for virtualized computing peer-based content sharing comprising:
>
> at least one content delivery server computer constructed and configured for electrical connection and communication via at least one communications network; and
>
> at least one peer-to-peer (P2P) dynamic network including a multiplicity of peer nodes, wherein the multiplicity of peer nodes consume the same content within a predetermined time, wherein the multiplicity of peer nodes are constructed and configured for electronic communication over the at least one P2P dynamic network, wherein the at least one P2P dynamic network is based on at least one trace route; wherein the multiplicity of peer nodes is distributed outside controlled networks and/or content distribution networks (CDNs) that are included within the at least one communications network;
>
> wherein the at least one content delivery server computer is operable to store viewer information, check content request, use the trace route to segment requested content, find peers, and return client-block pairs;
>
> wherein distribution of P2P content delivery over the at least one P2P dynamic network is based on content segmentation;
>
> wherein content segmentation is based on CDN address resolution, trace route to CDN and P2P server manager, dynamic feedback from peers reporting traffic rates between individual peer and its neighbors, round-robin and other server side scheduling/resource allocation techniques.

Compl., Ex. B, at 10:25–49.

Claim 5 is a method claim that recites:

> 5. A method for virtualized computing peer-based content sharing comprising the steps of:
>
> providing at least one content delivery server computer constructed and configured for electrical connection and communication via at least one communications network;
>
> providing at least one peer-to-peer (P2P) dynamic network including a multiplicity of peer nodes constructed and configured for electronic communication over the at least one P2P dynamic network, wherein the multiplicity of peer nodes consume the same content within a predetermined time, wherein the at least one P2P dynamic network is based on at least one trace route, wherein the multiplicity of peer nodes is distributed outside controlled networks and/or content distribution networks (CDNs) that are included within the at least one

Case No.: 5:20-cv-07273-EJD
ORDER GRANTING MOTION TO DISMISS

3

>>communications network;
>
>>the at least one content delivery server computer receiving at least one content request from a client;
>
>>the at least one content delivery server computer segmenting requested content based on CDN address resolution, trace route to CDN and the P2P server manager, dynamic feedback from peers reporting traffic rates between individual peer and its neighbors, round-robin, and other server side scheduling/resource allocation techniques;
>
>>automatically identifying at least one peer node having at least one segment of the requested content in close network proximity to the client; and
>
>>at least one peer node most proximal to the client sharing the at least one segment of the requested content.

*Id.* at 10:62–67, 11:1–26.

CEI alleges that Kollective's product, SD ECDN, infringes on the '452 patent. SD ECDN is essentially a software that uses peer-to-peer technology to share content between the devices in a large company. *See* Compl. ¶¶ 26–41. CEI asserts that, when used in conjunction with Microsoft Teams software, Kollective's SD ECDN product infringes Claims 1, 2, 3, and 5. *Id.*

## II.      LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). When deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the

nonmoving party."). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### III.   DISCUSSION

#### A.   Pleading Standard

As an initial matter, the parties disagree on the applicable pleading standard for infringement claims. Kollective argues that CEI failed to meet its burden to specifically allege facts to show that each element of the asserted claims is present in Kollective's product. MTD 8. CEI argues that it is not required to plead on an element-by-element basis, but instead must only plead facts to plausibly state a claim for relief sufficient to put Kollective on notice. Opp'n 11.

The Federal Circuit recently analyzed these two standards in patent infringement pleadings, and held that requiring a plaintiff to plead infringement by explaining in the complaint how every element of every claim was allegedly infringed runs afoul to *Iqbal* and *Twombly*. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021). As the court explained:

> A plaintiff is not required to plead infringement on an element-by-element basis. Instead, it is enough that a complaint place the alleged infringer 'on notice of what activity . . . is being accused of infringement.' To the extent this district court and others have adopted a blanket element-by-element pleading standard for patent infringement, that approach is unsupported and goes beyond the standard the Supreme Court articulated in Iqbal and Twombly. The relevant inquiry under *Iqbal/Twombly* is whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.

*Id.* (internal citations and quotations omitted).

While Kollective is correct that the level of detail required in a pleading will vary depending on the technology, the allegedly infringing device, and other factors, *id.* at 1353, the Court rejects Kollective's conclusion that "[a] simple case could be pled without an element-by-

Case No.:   5:20-cv-07273-EJD
ORDER GRANTING MOTION TO DISMISS
5

element analysis, whereas a more complex case might require one." Reply 2. The complexity of the case does not alter the Federal Circuit's fundamental conclusion—"[a] plaintiff is not required to plead infringement on an element-by-element basis" at this early stage. *Id.* at 1352.

**B.     Analysis**

In line with the Federal Circuit's holding in *BotM8*, the Court will not engage in an element-by-element analysis. Instead, the Court will focus on one apparent deficiency in CEI's complaint—its failure to allege facts to show that Kollective SD ECDN engages in *content segmentation*.

A central feature of the '452 patent is that its P2P network facilitates content distribution by segmenting the content, i.e., dividing a video into smaller clips for streaming.[2] CEI itself states that "[t]he '452 patent claims *all require segmenting the digital content* according to the trace routes." Compl. ¶ 18 (emphasis added). Indeed, the use of content segmentation is listed as a function throughout several elements in Claim 1 and Claim 5, for example:

- "wherein the at least one content delivery server computer is operable to . . . use the trace route *to segment request content*," Compl., Ex. B, at 10:42–44 (emphasis added);

- "wherein distribution of P2P content delivery over the at least one P2P dynamic network is based on *content segmentation*," *id.* at 10:46–48 (emphasis added);

- "wherein *content segmentation* is based on CDN address resolution, [etc.]," *id.* at 10:49–50 (emphasis added);

- "at least one content delivery server computer *segmenting requested content*," *id.* at 11:15–16 (emphasis added);

- "automatically identifying at least one peer node having at least *one segment of the requested content*," *id.* at 11:21–22 (emphasis added); and

- "at least one peer node most proximal to the client sharing the

---

[2] The Court repeats, CEI does not define segmentation in its complaint or opposition, so the Court draws its definition from language in the patent, Compl., Ex. B, at 8:10 ("the streaming media is broken up into smaller segments"), and the Federal Circuit's summary of the facts following oral arguments. *See, e.g., Cooperative*, 50 F.4th 127 at 1329.

Case No.: 5:20-cv-07273-EJD
ORDER GRANTING MOTION TO DISMISS
6

at least *one segment of the requested content*," *id.* at 11:24–25 (emphasis added).

CEI also places particular importance on this feature in its complaint, for example:

- "The novelty of the '452 patent, the patentee argued to the U.S. Patent Office, was that the claims use these means of testing to further *segment the actual content* being delivered." Compl. ¶¶ 11 (emphasis added);

- "Inventively, the '452 patent derived 'peerness' from common video content iteratively *shared in segments* throughout the P2P network." *Id.* at 14 (emphasis added); and

- "The '452 patent claims all require *segmenting the digital content* according to the trace routes." *Id.* at 18 (emphasis added).

Further, upon appeal, the Federal Circuit held that using trace routes to segment content is one of the two identified inventive concepts of the '452 patent. *Cooperative*, 50 F.4th 127 at 133–36; *see also* Compl. ¶ 12 ("The U.S. Patent Office allowed the '452 patent claims because the claims contained the complete engineering required to deliver content through a P2P network segmented in [a] novel way.").

The Court cannot find any facts in CEI's complaint to support its allegation that Kollective facilitates content distribution by segmenting the content, apart from one conclusory sentence: "The SD ECDN distribution is based on content segmentation." *Id.* ¶ 39. CEI attempts to support its allegation that SD ECDN uses trace routes to segment content by quoting, without explanation, the following from Kollective's website: "Utilizing pings and traceroutes, [the agents in the mesh] gather key information about the surrounding network by monitoring the location of other agents and constantly gauging how local area links are performing." Compl. ¶¶ 29, 39. However, the Court interprets this quote at this stage as stating that Kollective uses traceroutes to *gather information*, not to *segment content*.[3] CEI goes on to quote an entire page from Kollective's website describing how it can control its bandwidth settings to alter the speed

---

[3] Again, the Court notes that CEI did not define segmentation in its complaint or opposition, leaving the Court to assume, based on language in the patent and the Federal Circuit's opinion, that segmentation does not include gathering information.

Case No.:   5:20-cv-07273-EJD
ORDER GRANTING MOTION TO DISMISS

7

of downloads depending on the distance between peers. *See* Compl. ¶ 31. Again, at no point does CEI explain how the statements in that page might possibly suggest that SD ECDN segments content. Perhaps CEI is suggesting that Kollective controls its bandwidth settings and download speed by segmenting the content, but even this assumption is unclear—CEI simply quotes its claim, then quotes Kollective's website without providing any explanation. *Id.* While CEI repeats this style—quoting Kollective's website without explanation—throughout its complaint, the other sections at least contain facts in the quotations about SD ECDN that may have a rational connection to the '452 patent, but here, the Court cannot identify any facts to even suggest that Kollective segments its content.

While CEI is not required to offer detailed, element-by-element factual allegations to meet its pleading standard, it is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In the absence of any facts to suggest that SD ECDN performs one of the central functions of the '452 patent, the Court must dismiss the complaint for failure to state a claim.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Kollective's motion to dismiss with leave to amend. *See Lopez*, 203 F.3d at 1127 (holding that a "court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts").

**IT IS SO ORDERED.**

Dated: October 24, 2023

EDWARD J. DAVILA
United States District Judge

---

[4] The Court notes that it was unpersuaded by Kollective's oversimplification of CEI's complaint. Kollective argues that "merely identifying the name of the accused product is [in]sufficient" to put a defendant on notice of an alleged infringement. Reply 7. While CEI's complaint failed to sufficiently allege that SD ECDN segments content, it does exceed merely identifying Kollective's technology—CEI alleged that SD ECDN, similar to the '425 patent, is a method for virtualized computing peer-based content sharing that uses a P2P network outside the control of a CDN.